**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ana Rodriguez,

Plaintiff,

v.

Helen Bouchard-Bujak,

Defendant.

No. CV-26-01664-PHX-JJT

**ORDER**

At issue is Defendant Helen Bouchard-Bujak's Motion to Dismiss (Doc. 12, MTD), to which Plaintiff Ana Rodriguez filed a Response (Doc. 14, Resp.) and Defendant filed a Reply (Doc. 15, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will dismiss Plaintiff's claim under 15 U.S.C. § 6851 with prejudice and decline supplemental jurisdiction over the state law claim.

**I. Background**

In the Complaint (Doc. 1, Compl.), Plaintiff alleges the following facts. Plaintiff possessed intimate photographs and videos of herself created for her private use that she did not consent to distribute to any third party. (Compl. ¶¶ 6, 8.) Defendant is alleged to have stolen and shown Plaintiff's intimate photographs and potentially a video to a third party without the consent of Plaintiff. (Compl. ¶ 7.) Plaintiff states that Defendant disclosed these images to the third party by utilizing an iPad that was stolen from Plaintiff. (Compl. ¶ 9.) Although the Complaint does not specify in detail how this disclosure with the iPad

occurred, Plaintiff implies the images were "shown to a third party using the device" and references a Phoenix Police Department Report. (Compl. ¶ 9.) Plaintiff does not allege that the photos or video were sent by email, social media, or similar means, but Plaintiff alleges in conclusory fashion that the disclosure utilized a "cellular phone and associated networks." (Compl. ¶ 17.) Later in the Complaint, Plaintiff implies a cellular phone was used "to show intimate images to a third party." (Compl. ¶ 17.) Plaintiff is said to have suffered "emotional distress, mental anguish, humiliation, and related damages" in addition to other expenses such as counseling as a result of the alleged conduct. (Compl. ¶ 12.) Plaintiff also states that Defendant has made false allegations of prostitution against Plaintiff, but this allegation is not related to any cause of action in the instant matter. (Compl. ¶ 11.)

Plaintiff presents two causes of action arising out of these facts. First, Plaintiff claims the disclosure violated a portion of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851. Second, Plaintiff alleges a state law claim for invasion of privacy, specifically for the public disclosure of private facts. Defendant now moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Federal Rule of Civil Procedure 8 is intended to give defendants fair notice of a plaintiff's claims against them consist of and upon what grounds such claims rest. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To comply with Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The purpose of Rule 12(b)(6) is to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (2001). Dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate when the plaintiff either fails to assert a cognizable legal theory or when there is an absence of factual allegations sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When determining whether a complaint failed to state a claim, the well-pled allegations are

accepted and true and construed most favorably to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim achieves facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court is not required to accept as true legal conclusions framed by the plaintiff as factual allegations. *Id.*

## III. Discussion

### A. Plaintiff's 15 U.S.C. § 6851 Claim

To begin with, Plaintiff brings a cause of action under 15 U.S.C. § 6851. Pursuant to this statute, an individual has a private right of action when the individual's

> . . . intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.

15 U.S.C. § 6851(b)(1)(A). Defendant's principal argument is that the alleged disclosure did not affect interstate commerce and did not utilize a means or facility of interstate commerce and is therefore not actionable under § 6851. (MTD at 3–4.) Plaintiff does not dispute that the alleged disclosure itself did not affect interstate commerce. Rather, Plaintiff's claim rests on the assertion that the stolen iPad and/or cellular phone allegedly used to show the intimate content are "means or instrumentalit[ies] of interstate commerce." (Resp. at 2–3.)[1]

The Court agrees with Defendant's position that "showing" an image on a device with internet or cellular capabilities does not suffice to show that a facility of interstate commerce was used. (MTD at 4.) The Court does not have to accept Plaintiff's legal conclusion that the devices in this case are themselves a means of interstate commerce

[1] In the Complaint, Plaintiff also seems to state that Defendant showed the intimate images of Plaintiff to the Phoenix Police Department. (Compl. ¶ 9.) If true, § 6851 also provides that no action for relief arises based on the good faith disclosure of an intimate image to law enforcement. 15 U.S.C. § 6851(b)(4)(B)(i).

sufficient for § 6851 to apply. *See Iqbal*, 556 U.S. at 678. While an iPad and cellular phone may be capable of connecting to the internet or a cellular network, the use of the internet or network itself is what constitutes use of an "interstate facility." (*See* MTD at 4.) Indeed, Plaintiff's Response seems to distinguish the devices from the interstate facilities, articulating that a phone "used to 'display, transmit, or otherwise show' images, employed interstate instrumentalities." (Resp. at 3.) In other words, the device itself is not an instrumentality of interstate commerce but may be able to access facilities of interstate commerce.

The question, then, becomes whether it is plausible to infer from the face of the Complaint whether the devices utilized interstate instrumentalities when the intimate images were physically shown to a third party on a device screen. The Court concludes in the negative. Although the Court may reasonably infer that the iPad and cellular phone can access the internet or cellular networks, Plaintiff alleges no facts indicating that the stolen iPad utilized network functionality or internet connectivity to show the intimate images to the third party. (*See* Compl. ¶ 9.) Plaintiff simply alleges in conclusory fashion with no supporting facts that the disclosure utilizing a cellular phone used "associated networks." (Compl. ¶ 17.) That is, beyond Plaintiff's conclusory statement, the Complaint contains no facts raising the plausible inference that an instrumentality of interstate commerce (such as the internet) was utilized to effectuate the alleged disclosure. Plaintiff's statement that the disclosure used interstate instrumentalities is therefore the kind of legal conclusion couched as a factual allegation that the Court does not accept at true. *See Ashcroft*, 556 U.S. at 678.

In sum, there are insufficient facts to give rise to a cognizable theory under § 6851. Because the Complaint contains no facts to show that a means or instrumentality of interstate commerce was used in the disclosure, the Court will dismiss this claim. The Court also finds that amendment of the § 6851 claim would be futile because neither the Complaint nor the Response even imply that Defendant sent the images over the internet or another interstate instrumentality, but rather physically showed the images on a device.

Accordingly, the Court will dismiss this claim with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (2000).

**B. Plaintiff's State Law Claim**

Next, Plaintiff raises a state law claim for invasion of privacy. The Court need not examine this cause of action any further. Having dismissed the federal claim over which the Court has original jurisdiction, the Court may properly decline to exercise supplemental jurisdiction over this related state law claim. 28 U.S.C. § 1367(c)(3). This decision whether to exercise supplemental jurisdiction is squarely within the Court's discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citing *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)). Here, the relevant factors—judicial economy, convenience, fairness, and comity—all point to declining supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988). Further, it is "generally preferable" for district courts to decline exercising supplemental jurisdiction when the federal claim is dismissed before trial. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (1991). That is particularly true when, as here, the Court dismisses the federal claim at the outset of the lawsuit.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 12). Plaintiff's claim under 15 U.S.C. § 6851 is dismissed with prejudice, and Plaintiff's state law invasion of privacy claim is dismissed without prejudice for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 10th day of September, 2026.

Honorable John J. Tuchi
United States District Judge